Case 1:17-cv-00106   Document 48   Filed on 02/02/18 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TEODORO MARTINEZ and § | | |
| HILDA MARTINEZ, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | Civil Action No. 1:17-cv-106 |
| § | | |
| OCWEN LOAN SERVICING, LLC, § | | |
| Defendant. § | | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' "First Amended Original Petition" (hereinafter, Plaintiffs' "Amended Petition"). Dkt. No. 42. Defendant Ocwen Loan Servicing, LLC, has filed a motion to dismiss Plaintiffs' Amended Petition (hereinafter, Defendant's "Motion" or "Defendant's Motion to Dismiss"). Dkt. No. 43. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Defendant's Motion to Dismiss; (2) **DISMISS** Plaintiffs' Amended Complaint with prejudice; and (3) **DIRECT** the Clerk of the Court to close this case.

## I. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Background

Defendant timely removed this civil action from the 103rd Judicial District Court of Cameron County, Texas on May 15, 2017. Dkt. No. 1. As Plaintiffs'

Original Petition (Dkt. No. 1-1) failed to comply with federal pleading requirements, the Court ordered Plaintiffs to file an amended complaint that complied with those requirements. Dkt. No. 34. Plaintiffs failed to file a timely amended complaint. The Court notified Plaintiffs that their suit would be dismissed if they did not file an amended complaint by December 18, 2017. Dkt. No. 38. Attorney Larry Warner appeared as lead counsel in place of Juan Angel Guerra, and filed Plaintiffs' Amended Petition on December 18, 2017. Dkt. No. 42.

Like Plaintiffs' Original Petition, Plaintiffs' Amended Petition fails to specify Plaintiffs' causes of action. *Compare* Dkt. No. 1-1, *with* Dkt. No. 42. Although it is clear that Plaintiffs wish to prevent Defendant from foreclosing upon their home, Plaintiffs identify no legal basis for their lawsuit. Instead, Plaintiffs argue that they have "a cause of action in equity to seek to abate or to enjoin an impending illicit or illegal foreclosure." Dkt. No. 42 at 3. Defendant asserts that Plaintiffs' Amended Petition should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 43. In response, Plaintiffs state that the "Court should conclude that a petition for an injunction is a 'cause of action.'" Dkt. No. 47 at 4.

### III. Legal Standards

**FED. R. CIV. P. Rule 12(6).** Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678-80 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H–17–2021, 2017 WL 4155477, at *1 (S.D. Tex., 2017). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570. This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Id*. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id*. Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*. at 557. A court need not

accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

When considering whether judgment on the pleadings is appropriate, courts are to consider the pleadings alone. *Richter v. Nationstar Mortgage, LLC*, 2017 WL 4155477, at *2 (*Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002)). Still, courts may also consider the documents that a defendant attaches to its motion to dismiss if the documents "are referred to in the plaintiff's complaint and are central to her claim." *Id.* (citing *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); and 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 509–10 (3d ed. 2004)). Further, if an exhibit is attached to a plaintiff's complaint, it is considered part of the complaint "for all purposes." *Id.* (citing FED. R. CIV. P. 10(c); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004)).

### IV. Discussion

As noted above, Plaintiffs' Amended Petition seeks to prevent Defendant from foreclosing upon their home, but the Petition fails to specify Plaintiffs' legal claims. Instead of asserting a legal cause of action, Plaintiffs state that they have "a cause of action in equity to seek to abate or to enjoin an impending illicit or

illegal foreclosure." Dkt. No. 42 at 3. Plaintiffs state that they have a cause of action in equity because the "Owner/holder" of their "note/debt" has accepted late payments from Plaintiffs in the past; and, therefore, Defendant is "estopped by its conduct of accepting late payments" from foreclosing or accelerating the debt. *Id.* at 3-4. Plaintiffs claim that they "do not recall receiving their entitled Notice of Acceleration and Enclosing Notice of Substitute Trustee's Sale and the Notice of Substitute Trustee's Sale." *Id.* at 7 (errors in original). Additionally, Plaintiffs contend that they did not receive a demand letter from Defendant "putting Plaintiffs on notice of demand for late payments or an intent to accelerate if not cured." *Id.* Plaintiffs assert that if they do not obtain an injunction or "restraining order," they will become homeless and lose the equity in their home. *Id.* at 8-10.

The existence of an adequate remedy at law will generally bar equitable relief. *Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002)). This is because equity only "intervenes when the law provides no remedy." *Deutsche Bank Nat. Trust Co. v. Stockdick Land Co.*, 367 S.W.3d 308, 316 (Tex. App. Houston [14 Dist.], 2012) (citing "*LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007)); *see also Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992) ("it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief."). The party seeking equitable relief must establish the lack of an adequate legal remedy. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210. Conversely, where a party's request for an equitable remedy is premised upon a legal claim, the failure

of the legal claim will foreclose the equitable remedy. *See Howard v. AMH ROMAN TWO TX, LLC*, Case No. 4:15CV526, 2016 WL 3392417, at *5 (E.D.Tex., May 11, 2016) ("A request for equitable or injunctive relief must be premised upon the existence of a viable underlying legal claim.") (collecting cases); *Garza v. JPMorgan, Alternative Loan Trust, 2007-SI Mortgage Pass-Through Certificates,* Case No. 1:17-cv-82, 2017 WL 6513655, at *13 (S.D. Tex., Oct. 25, 2017) (same); *Crittendon v. Bank of New York Mellon*, Civil Action No. 3:16–V–325, 2018 WL 461080, at *4 (S.D. Tex., Jan. 18, 2018) (same).

Here, the Court provided Plaintiffs with two opportunities to amend their Original Petition (*see* Dkt. Nos. 34 and 38), and informed Plaintiffs that their Original Petition failed to specify a cause of action. Dkt. No. 34. In response, Plaintiffs filed an Amended Petition which largely replicates their Original Petition. *Compare* Dkt. No. 1-1, *with* Dkt. No. 42. It is clear from their Amended Petition that, rather than state a legal cause of action, Plaintiffs would prefer to show that they lack an adequate legal remedy. Plaintiffs argue that they lack an adequate legal remedy because mounting a legal defense against eviction would require them to show "a greater right to possession in order to prevail." Dkt. No. 42 at 10. Additionally, Plaintiffs assert that the "right of redemption" does not provide them with an adequate legal remedy because it is "time-consuming and expensive and extra-judicial in large measure." *Id*. at 9. Plaintiffs conclude by stating:

> The remedies at law, redemption or contesting eviction, are not as practical and efficient to the ends of justice as the state court's issuing a temporary restraining order without notice to halt the impeding illicit foreclosure because the legal remedies are lengthy, may be

>subject to a long wait for a jury trial, in the case of eviction exclude significant evidence of equitable estoppel by the conduct of the noteholder/owner repeatedly accepting late payments. The court in equity can restrain the impending foreclosure at once by issuing a temporary restraining order.

*Id.* at 10-11 (errors in original).

Plaintiffs' statements here fail to meet their burden. This case is no longer in state court, and Plaintiffs must state a claim sufficient to survive a Rule 12(b)(6) challenge, or show that they lack an adequate remedy at law. Numerous statutory and common law causes of action exist to remedy and prevent the injuries caused by wrongfully initiated foreclosure proceedings. Plaintiffs have not shown that such causes of action are unavailable to them, nor have they shown the inadequacy of the remedies provided by such causes of action. Thus, because Plaintiffs' Amended Petition also fails to assert a claim under any viable legal theory, it should be dismissed. *See Twombly*, 550 U.S. 544, 562 (a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106) (internal quotation marks omitted; emphasis and omission in original)).

Plaintiffs' late-filed response to Defendant's Motion to Dismiss does not alter this conclusion.[1] Plaintiffs' Response states that a "request for a temporary injunction and for a permanent injunction is a cause of action upon which relief may be granted." Dkt. No. 47 at 2. In support of this argument, Plaintiffs cite *Grynberg*

---

[1] Plaintiffs filed their "Response to Defendant's 12B6 Motion to Dismiss" (hereinafter, Plaintiffs' "Response"), after the Court granted their untimely motion for an extension of time to respond to Defendant's Motion to Dismiss. *See* Dkt. Nos. 45-46.

*Prod. Corp. v. British Gas, PLC*, 817 F. Supp. 1338 (E.D. Tex. 1993). Plaintiffs' reliance on *Grynberg Prod. Corp.* is misplaced. *Grynberg* concerned whether removal to federal court was proper based upon the existence of a federal question. *Id.* at 1366. *Grynberg* did not hold that a request for a temporary or permanent injunction is a cause of action. *See id.*

It is well established that a request for an injunction is a request for "an equitable remedy, not a cause of action." *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied); s*ee also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (injunctive relief requires that a plaintiff first plead an underlying viable cause of action); *Brown v. Ocwen Loan Servicing*, A–14–CV–998–LY–ML, LLC, 2016 WL 7479564, at *3 (W.D. Tex., 2016), *adopted*, 2016 WL 7616660 (W.D. Tex., 2016) (same). As noted above, to obtain equitable relief without first stating a legal claim, a plaintiff must show that no adequate legal remedy exists. *Campbell v. Wilder*, 487 S.W.3d 146, 152 (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210); *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 619; *Deutsche Bank Nat. Trust Co. v. Stockdick Land Co.*, 367 S.W.3d 308, 316. Plaintiffs have not done so here. Thus, since they have also failed to state a legal claim, their Amended Petition should be dismissed.

## V. Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** Defendant's Motion to Dismiss (Dkt. No. 43); (2) **DISMISS** Plaintiffs' Amended

Complaint (Dkt. No. 42) with prejudice; and (3) **DIRECT** the Clerk of the Court to close this case.

### VI. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 2nd day of February, 2018.

                                                              **Ignacio Torteya, III**
                                                              **United States Magistrate Judge**